IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**LEONARD WAYNE TAYLOR,**

      **Plaintiff,**

**vs.**                           **Case No. 4:16cv491-MW/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**
_____/


## REPORT AND RECOMMENDATION

After this case was removed from state court, ECF. No. 1, Defendant Corizon, LLC (Corizon), filed a motion to dismiss Plaintiff's amended complaint.  ECF No. 4.  Defendant Florida Department of Corrections (DOC) also filed a motion to dismiss the amended complaint.  ECF No. 11.  Plaintiff Leonard Wayne Taylor was advised of his obligation to file a response to the motions.  See ECF Nos. 10, 12.  Mr. Taylor filed responses, ECF Nos. 18 and 19, and the motions are ready for ruling.

Mr. Taylor initiated this action on September 9, 2014, in the Second Judicial Circuit Court, Leon County, Florida.  ECF No. 1-1 at 1.  On March

16, 2016, Mr. Taylor filed an Amended Florida Tort Claims Act Complaint, indicating the action was brought pursuant to section 768.28, Florida Statutes, and 42 U.S.C. § 1983, against various named defendants in their official and personal capacities.  ECF No. 13 at 1-2; ECF No. 1-2 at 6-74. Mr. Taylor states the action is brought against the DOC, Corizon, and DOC employees, correctional officers, and contractual employees and agents of the State "for wrongful negligence and intentional acts or omissions . . . committed within the scope of employment functions and operational duties of their agency or divisional offices."  ECF No. 13 at 1-2.  He also states he is suing the employees in their individual capacities for misconduct committed in the scope of employment.  *Id.* at 2.  He asserts "[c]ompliance with tort claims act requirement to serve notice of intent to initiate litigation was mailed on September 9, 2014, to the Defendants" and the Florida Department of Financial Services.  *Id.*

Mr. Taylor's amended complaint presents a multitude of claims:

Eighth Amendment deliberate indifference to painful, swollen and infected right big toe injury; prevented access to sick call treatment in a reasonable time; impeded access to prescribed Glaucoma Medicine for five (5) months; denied 1st and 14th Amendment right of access to file papers to the courts; retaliatory punishment and harassment for freedom of speech and expression of filing grievance complaints and

> lawsuits[;] 4th amendment wrongful destruction of personal
> property[;] 5th and 14th amendment racial and religious
> discrimination.

*Id.* He seeks compensatory and punitive damages in the amount of $100,000 from both DOC and Corizon. *Id.* He also seeks monetary damages in the amount of $10,000 against each employee sued in his or her individual capacity. *Id.* The amended complaint raises eighteen (18) separate claims against thirty-five Defendants, spanning three different Correctional Institutions over an approximate three year period of time (February 2012 through March 2016). *Id.* at 3-68.

**Corizon's Motion to Dismiss, ECF No. 4**

Corizon argues that Mr. Taylor did not properly plead civil rights claims and that the state law medical negligence claims are insufficient because Mr. Taylor did not comply with presuit requirements for a medical malpractice claim. *Id.* Additionally, Corizon argues that Mr. Taylor's amended complaint does not comply with the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading contain a short and plain statement of the claim. *Id.* at 3-4. Corizon asserts it is "barely mentioned" in the complaint and "there is no wrongdoing associated with the corporation." *Id.* at 4.

Case No. 4:16cv491-MW/CAS

Moreover, Corizon points out that because it is a corporation, liability attaches only "if an official unconstitutional policy or custom of the corporation causes the alleged deprivation of constitutional rights." *Id.* Corizon explains that "[w]hile a corporation may be liable for deliberate indifference regarding medical care, claims of negligence are never enough to satisfy pleading requirements, as 'should haves' are not grist for constitutional litigation." *Id.* at 5. Furthermore, Corizon argues that the amended complaint "does not identify a serious medical need" as an ingrown toenail does not suffice. *Id.* at 6. Corizon also asserts that "to the extent [Mr.] Taylor seeks to base Corizon's liability on unidentified employees, that claim is clearly barred." *Id.*

## Mr. Taylor's Response, ECF No. 18

Mr. Taylor opposes Corizon's motion to dismiss. ECF No. 18. He argues his toenail condition was a serious medical need that significantly affected his daily activities and claims Corizon's medical personnel treated him with deliberate indifference. *Id.* at 8-9. Mr. Taylor points out that DOC contracted with Corizon to provide medical care at its facilities, and asserts that Corizon provided deficient medical care, ultimately leading to sanctions against Corizon by DOC, and Corizon's termination of its contract to

provide health care to Florida prisoners." *Id.* at 10-11.

## DOC's Motion to Dismiss, ECF No. 11

DOC notes that Mr. Taylor's "main claims stem from an incident which allegedly occurred on July 23, 2013," when Mr. Taylor stubbed his toe. ECF No. 11 at 3. DOC argues that Mr. Taylor's claim against the Department is barred by the expiration of the statute of limitations for prisoner claims that deal with "conditions of confinement." *Id.* (citing § 95.11(5)(g), Fla. Stat. (2016) (limiting "an action by or on behalf of a prisoner . . . relating to the conditions of the prisoner's confinement" to one year); Green v. Cottrell, 172 So. 3d 1009, 1012 (Fla. 1st DCA 2015)). DOC notes, however, "the 11th Circuit's current reluctance to apply the one-year statute of limitations based on ambiguity that exists due to no clear-cut decision within the state of Florida." ECF No. 11 at 3-4; *see, e.g.*, Ealy v. GEO Group, Inc., --- F. App'x ---, 2016 WL 3553141 (11th Cir. 2016). DOC further argues it is entitled to Eleventh Amendment immunity to the extent it is sued in its official capacity for damages, ECF No. 11 at 4-5, and is also entitled to sovereign immunity. *Id.* at 5-6. Finally, DOC argues that the Department cannot be held liable for the actions or omissions of its employees or agents and that the amended complaint otherwise fails to

state a claim.  *Id.* at 6-10.

**Mr. Taylor's Response, ECF No. 19**

Mr. Taylor generally opposes DOC's motion to dismiss, with the exception of several claims which he concedes are barred by the statute of limitations.  ECF No. 19 at 3-4.  Mr. Taylor argues that by consenting to removal from state court, the DOC waived its Eleventh Amendment immunity.  *Id.* at 4.  He also contends that DOC's policies and practices caused the violation of his rights.  *Id.* at 6-8.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1]  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also*

Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

"The plausibility standard" is not the same as a "probability requirement,"

and "asks for more than a sheer possibility that a defendant has acted

unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A

complaint that "pleads facts that are 'merely consistent with' a defendant's

liability," falls "short of the line between possibility and plausibility."  Iqbal,

129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified

pleading standard applies to all civil actions, with limited exceptions.").  Pro

---

[1] A complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at

1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  *Id.* at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief."  *Id.*  If so, a motion to dismiss should be denied.  *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Analysis**

Corizon and DOC argue that Mr. Taylor's amended complaint does not comply with Rule 8.  Rule 8 provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2) (quoted in <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005)).  Mr. Taylor's complaint is not short or plain.  It presents nearly a day by day description of his confinement and a multitude of issues which he believes are either unconstitutional or violate Florida law.  The claims are brought against numerous Defendants, most of which are unrelated to claims brought against other persons.

Under Rule 20, claims against several Defendants are permissible to the extent that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and have a "question of law or fact" in common to all defendants.  FED. R. CIV. P. 20(a)(2).  Mr. Taylor's 18 separate claims do not all share questions of law or fact.  Accordingly, the motions to dismiss should be granted.  Nevertheless, it is recommended that Mr. Taylor be permitted to file a "second amended complaint" which is limited to one basic occurrence or issue.  For example, Mr. Taylor could limit his complaint to issues with racial discrimination or his claim that officers interfered with the exercise of his religious beliefs or interfered with his First Amendment right to access the court.  However, Mr. Taylor may not bring unrelated claims and seek to litigate every wrong he believes he has suffered while in prison in this one case.

To the degree Mr. Taylor should be permitted to bring a second amended complaint, the following is applicable to potential claims he might desire to bring.  A municipality or other governmental entity may be held liable under § 1983 where that municipality's policies or customs cause a constitutional violation.  Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); City of Canton, Ohio v.

Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412

(1989); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

However, there must be "a direct causal link between a municipal policy or

custom and the alleged constitutional deprivation."  Harris, 489 U.S. at 385,

109 S. Ct. at 1203.  Although Corizon "is not a governmental entity,

'[w]here a function which is traditionally the exclusive prerogative of the

state (or here, county) is performed by a private entity,' that private entity,

like a municipality, may be held liable under § 1983."  Ancata v. Prison

Health Servs., 769 F.2d 700, 703 (11th Cir. 1985) (quoted in Fields v.

Corizon Health, Inc., 490 F.App'x 174, 181-82 (11th Cir. 2012) (affirming

that jury could "reasonably conclude that Prison Health's policy restricting

the transportation to hospitals of inmates with serious medical needs was a

direct cause of Mr. Fields' injuries.")).  Yet, Mr. Taylor does not allege facts

in the amended complaint which identify a policy or custom of either

Corizon or the DOC which was followed and which caused injury to

Mr. Taylor.

    Additionally, the law is clear that the doctrine of respondeat superior

or vicarious liability does not provide a basis for recovery for a § 1983

claim.  Marsh v. Butler Cnty., 268 F.3d 1014, 1035 (11th Cir. 2001) (en

banc) (cited in Farrow v. West, 320 F.3d 1235, 1249, n.1 (11th Cir. 2003);

*see also*   Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing

Monell, 436 U.S. 658, 98 S. Ct. 2018)); *see also* Collins v. City of Harker

Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992);

Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d

452 (1986).  Thus, for either Corizon or the DOC to be liable, there must be

an identifiable policy which was "the moving force" behind injury or harm to

Mr. Taylor.  *See* Fields v. Corizon Health, Inc., 490 F. App'x 174, 183-85

(11th Cir. 2012) (holding that prisoner "had a serious medical need that

Prison Health's policy did not recognize as sufficient to warrant hospital

care" and, as a result, prisoner suffered paralysis that "could have been

averted.").  Because the amended complaint did not identify a policy or

custom of either Corizon or the DOC which was followed and which caused

harm to Mr. Taylor, the motions to dismiss should be granted because the

amended complaint fails to state a claim upon which relief may be granted.

To the degree Mr. Taylor will seek to file a second amended

complaint, no claim should be presented against Corizon as explained

above, and because of a second reason.  Mr. Taylor sought to bring an

Eighth Amendment claim concerning the denial of medical care.  The

Eighth Amendment of the United States Constitution requires that prisoners

be provided medical treatment.  Failing to provide such treatment because

a defendant is "deliberately indifferent" to a prisoner's serious medical

needs results in cruel and unusual punishment.  Estelle v. Gamble, 429

U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical need

is one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr.,

40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope

v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting

Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)).

Alternatively, "a serious medical need is determined by whether a delay in

treating the need worsens the condition" or "if left unattended, poses a

substantial risk of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d

1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v.

West, 320 F.3d 1235, 1243 (11th Cir. 2003)).  Negligence or even medical

malpractice is not enough.  McElligott v. Foley, 182 F.3d 1248, 1254 (11th

Cir. 1999).

Without more, an "ingrown toenail does not constitute a serious

medical need." Edwards v. Hynes, No. CV-316-019, 2016 WL 5844479, at

*3 (S.D. Ga. Sept. 30, 2016), report and recommendation adopted, No. CV-

316-019, 2016 WL 6821099 (S.D. Ga. Nov. 16, 2016), and report and

recommendation adopted, No. CV-316-019, 2017 WL 235188 (S.D. Ga.

Jan. 18, 2017); *see also* Soto v. Markley, No. 3:08-CV-27-(CDL), 2009 WL

2901315, at *3 (M.D. Ga. Sept. 2, 2009) (finding that "plaintiff was

repeatedly seen and treated for his ingrown toenail" and did not

demonstrate the treatment was inadequate); Hill v. Abbott, No. 2:05-CV-

333-WKW, 2007 WL 2254412, at *4, 8 (M.D. Ala. Aug. 3, 2007) (noting that

removing a portion of detainee's ingrown toenail and applying antibiotic

ointment was appropriate medical treatment for medical needs, "serious or

otherwise."); Edwards v. St. Lawrence, No. CV-406-137, 2006 WL

3422340, at *2 (S.D. Ga. Nov. 27, 2006) (noting that "at least one court has

found that 'it is unlikely that an ingrown toe nail, by itself, would constitute a

serious medical need for purposes of the Eighth Amendment,'" but

assuming, nevertheless, that even if an ingrown toenail was a sufficient

medical need, plaintiff did not allege an Eighth Amendment violation) (citing

Savada v. McReedy, 2003 WL 23100280, *5 (W.D.Wis. May 30, 2003));

*see also* Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) concluding

that removing a toenail with or without a local anesthetic is a medical decision and a prisoner's disagreement with that decision is not a viable Eighth Amendment claim).  An ingrown toenail may cause discomfort, but Mr. Taylor's allegations do not reveal his condition constituted a "serious medical need."   The Eighth Amendment claim is insufficient and should be dismissed from this action.

As for DOC's argument concerning the statute of limitations, federal courts apply the forum state's general personal injury statute of limitations. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)); *see also* Ellison v. Lester, 275 F. App'x 900, 901 (11th Cir. 2008) (stating that "[f]ederal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to § 1983" and reversing district court's dismissal of § 1983 claims as barred by FLA. STAT. § 95.11(5)(g)).  Florida imposes a four year personal injury statute of limitations and that limitations period is applicable to federal civil rights claims.  Ealy v. GEO Grp., Inc., No. 14-14199, 2016 WL 3553141, at *1 (11th Cir. June 30, 2016); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996);

Fla. Stat. § 95.11(3).  However, state law tort claims which allege

negligence or a battery by a correctional officer, for example, are governed

by Florida's one year statute of limitations.  Rogers v. Judd, 389 Fed.Appx.

983, 989 (11th Cir. 2010); Johnson v. Dixon, No. 3:14-CV-579-J-39PDB,

2015 WL 12851563, at *22 (M.D. Fla. Nov. 20, 2015), aff'd, No. 16-10406,

2016 WL 6958145 (11th Cir. Nov. 29, 2016) (dismissing prisoner's battery

claim under § 95.11(5)(g)); Laronde v. Mason, No. 3:13CV4/MCR/CJK,

2014 WL 1017937, at *10 (N.D. Fla. Mar. 17, 2014) (dismissing state law

claims challenging prisoner's conditions of confinement as time barred

under § 95.11(5)(g)); Howard v. Gee, No. 8:10-CV-1533-T-30TGW, 2010

WL 4056040, at *2 (M.D. Fla. Oct. 14, 2010) (dismissing prisoner's

negligent supervision claim as time-barred by § 95.11(5)(g)). *But see*

Green v. Cottrell, 204 So. 3d 22, 29 (Fla. 2016) (holding that where "a

prisoner files an action alleging that he suffered physical injury due to the

negligent or wrongful acts or omissions of the employees of a government

entity, the one year statute of limitations period in section 95.11(1)(g) . . .

does not apply" and "[i]nstead, the four-year statute of limitations in section

768.28(14) governs").

Mr. Taylor appears to concede that the "time bar would be applicable to" some incidents alleged in the amended complaint.  ECF No. 19 at 3-4. Some state law claims might not be barred.  At this point, however, it is unknown which, if any, state law claims might be relevant and related to any future § 1983 claim Mr. Taylor might present in a second amended complaint.  Thus, the motion to dismiss filed by the DOC should be denied as to this issue; however, Mr. Taylor should carefully consider whether a potential state law claim is barred by FLA. STAT. § 95.11(5)(g) before submitting the second amended complaint.

As additional guidance to Mr. Taylor, he seeks to present claims challenging the confiscation and/or destruction of his personal property. Those claims are insufficient and Mr. Taylor may not seek relief in a § 1983 action to recover for the loss or confiscation of his property in the second amended complaint.  If personal property of an inmate was taken and not returned because of a defendant's negligence, there can be no finding of an unconstitutional deprivation of property.  Daniels v. Williams, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d 662 (1986).  Even if Mr. Taylor contends the loss of his property was done intentionally, his claim is still foreclosed. Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 1916-17, 68 L.

Ed. 2d 420 (1981), and its progeny hold that claims challenging the

deprivation of property are not cognizable under § 1983 if a state provides

"a meaningful postdeprivation remedy for the loss."[2] Lindsey v. Storey, 936

F.2d 554, 561 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517,

533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984)); *see also* Zinermon v.

Burch, 494 U.S. 113, 132, 110 S.Ct. 975, 987, 108 L.Ed.2d 100 (1990);

Carcamo v. Miami-Dade Cty., 375 F.3d 1104, 1105 (11th Cir. 2004).

> [A]n unauthorized intentional deprivation of property by a state
> employee does not constitute a violation of the procedural
> requirements of the Due Process Clause of the Fourteenth
> Amendment if a meaningful postdeprivation remedy for the loss
> is available.  For intentional, as for negligent deprivations of
> property by state employees, the state's action is not complete
> until and unless it provides or refuses to provide a suitable
> postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted).

Postdeprivation procedures satisfy due process for unauthorized

deprivations by state actors, whether intentional or negligent, because the

state cannot know in advance of the deprivation and therefore cannot

provide predeprivation process.  *Id.*, at 534, 104 S. Ct. at 3204.

---

[2] This aspect of Parratt was not overruled by Daniels v. Williams, 474 U.S. 327
(1986).

The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.[3]  In addition, the Administrative Rules which govern the Department of Corrections contain a process by which an inmate may request compensation or replacement of missing property.  FLA. ADMIN. CODE R. 33-602.201(14).  There is no indication that Florida's statutory scheme or the administrative process is not adequate.  Thus, Mr. Taylor's claims concerning the deprivation of his property are not cognizable in this § 1983 action and should be omitted from any potential second amended complaint.

Finally, to the degree Mr. Taylor would desire to re-assert a claim against the Department of Corrections, such a claim must fail.  As noted in its motion to dismiss, *see* ECF No. 11 at 5, federal claims seeking money damages against the state are "not proper" because the Department, as a state agency, is not a "person" which may be sued under § 1983.  Will v.

---

[3] The undersigned issues no opinion on the timeliness of such a remedy at this juncture.  *See* § 768.28(6)(a).

Case No. 4:16cv491-MW/CAS

Michigan Dep't of State Police, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989); *see also* Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617, 122 S. Ct. 1640, 1643, 152 L. Ed. 2d 806 (2002) (holding that a state waives Eleventh Amendment immunity in removing an action to federal court but reiterating that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.").

**Recommendation**

It is respectfully **RECOMMENDED** that the motion to dismiss filed by the Department of Corrections, ECF No. 11, and the motion to dismiss filed by Corizon, ECF No. 4, be **GRANTED** and Plaintiff's amended complaint, ECF No. 13, be **DISMISSED**.  However, it is further **RECOMMENDED** that Plaintiff be permitted to file a second amended complaint in compliance with this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**