# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEONARD WAYNE TAYLOR,**

    **Plaintiff,**

vs.                                          Case No. 4:16cv491-MW/CAS

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

_____/

## AMENDED SECOND REPORT AND RECOMMENDATION

On January 23, 2017, a Report and Recommendation was entered in this case, ECF No. 27, recommending that motions to dismiss filed by Defendant Corizon, LLC (Corizon), ECF No. 4, and Defendant Florida Department of Corrections (DOC), ECF No. 11, be granted. It was, however, recommended that Plaintiff Leonard Wayne Taylor be permitted to file a second amended complaint if he could correct the various deficiencies outlined in the Report and Recommendation. ECF No. 27. The Report and Recommendation was adopted and Plaintiff permitted to

file a second amended complaint "in compliance with the Report and Recommendation." ECF No. 30.

Plaintiff's second amended complaint [hereinafter "complaint"] was filed on May 10, 2017. ECF No. 33. Plaintiff's complaint did not correct the deficiencies and did not comply with the Order entered by United States District Judge Mark Walker. ECF No. 32. Plaintiff was provided an opportunity to show good cause as to why this case should not be dismissed for failing to comply with court orders. ECF No. 34. Plaintiff's response has been received, ECF No. 35, and is insufficient. Plaintiff argues that his complaint should be permitted to proceed. *Id.*

Mr. Taylor was required to limit his claims to one event or incident as required by Rule 20. The Report and Recommendation said:

> Under Rule 20, claims against several Defendants are permissible to the extent that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and have a "question of law or fact" in common to all defendants. FED. R. CIV. P. 20(a)(2). Mr. Taylor's 18 separate claims do not all share questions of law or fact. Accordingly, the motions to dismiss should be granted. Nevertheless, it is recommended that Mr. Taylor be permitted to file a "second amended complaint" which is limited to one basic occurrence or issue. For example, Mr. Taylor could limit his complaint to issues with racial discrimination or his claim that officers interfered with the exercise of his religious beliefs or interfered with his First Amendment right to access the court.

Case No. 4:16cv491-MW/CAS

> However, Mr. Taylor may not bring unrelated claims and seek to litigate every wrong he believes he has suffered while in prison in this one case.

ECF No. 27 at 10. Mr. Taylor's recent second amended complaint brings at least 3 separate claims against 10 Defendants. The first claim involves events which occurred during the summer of 2014. ECF No. 33 at 4-7. The other claims concern events which occurred during the winter of 2016. The complaint does not comply with Rule 20, nor does it comply with the prior Order.

Mr. Taylor's second amended complaint also retained Corizon and the Department of Corrections as Defendants. However, as advised in the Report and Recommendation, a complaint does not state a claim against Corizon unless Plaintiff alleged the existence of "an official unconstitutional policy or custom of" Corizon which caused an alleged deprivation of constitutional rights. ECF No. 27 at 10-13. Plaintiff did not do so. Although Plaintiff identified a purported policy, he also asserted that other unspecified defendants did not follow that policy. *Id.* at 3-4. Thus, any alleged harm was not because *of* the policy, but because a doctor did not comply with the policy. *Id.* at 4. That is insufficient to state a claim against Corizon.

Case No. 4:16cv491-MW/CAS

Moreover, Plaintiff was informed that claims against the Department of Corrections cannot proceed in this case "because the Department, as a state agency, is not a 'person' which may be sued under § 1983." ECF No. 27 at 19-20 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989); see also Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617, 122 S. Ct. 1640, 1643, 152 L. Ed. 2d 806 (2002) (holding that a state waives Eleventh Amendment immunity in removing an action to federal court but reiterating that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.")).  Plaintiff has continued to name the Defendant and seeks an award of $450,000.00 against the Department of Corrections.  ECF No. 33 at 10.  Plaintiff may not do so.  His arguments to the contrary in his response to the Order to Show Cause, ECF No. 35, should be rejected.

The Order to Show Cause directed Plaintiff to explain why he did not heed the guidance provided to him.  ECF No. 34.  Plaintiff did not do so but, instead, argues that he can continue to include claims against Corizon and the Department of Corrections.  ECF No. 35.  Those arguments lack merit.

In addition, Plaintiff was ordered to file a third amended complaint in compliance with the Report and Recommendation if he desired to proceed. ECF No. 34.  As of June 20, 2017, Plaintiff had not done so and a Second Report and Recommendation was entered recommending that this case be dismissed.  ECF No. 36.  The day after that Report and Recommendation was entered, a third amended complaint was received from Plaintiff.  ECF No. 37.

That complaint is not on the court form provided to Plaintiff by the Clerk of this Court.  ECF No. 37.  It does, however, seek to retain a claim against Corizon.  ECF No. 37 at 2.  As noted above, there is no basis to name that Defendant.  He named three other doctors as Defendants, but presented only a conclusory claim, unsupported by an specific facts which state how any of the named Defendants harmed him.  The third amended complaint is insufficient on its face and should be dismissed.  Moreover, the third amended complaint is not signed and could not proceed as filed.

Accordingly, this case should now be dismissed.  Neither Plaintiff's second amended complaint, ECF No. 33, or third amended complaint, ECF No. 37, states a claim upon which relief may be granted.  Plaintiff has not alleged any clear statement of facts which identify what any individual

Case No. 4:16cv491-MW/CAS

Defendant did, or failed to do, that violated his constitutional rights. Negligence in providing a medication is insufficient to state a claim. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The Report and Recommendation, ECF No. 27 at 12-13, advised Plaintiff that negligence was not sufficient, but he still has alleged nothing more than negligence.  Further opportunities should not be provided for Plaintiff to submit additional amended complaints.  This case should be dismissed.

    It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 33, and third amended complaint, ECF No. 37, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and for failure to comply with court orders.  It is also **RECOMMENDED** that the Order adopting this Report

and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv491-MW/CAS